**Gary Peter KLAHR, Plaintiff,**

**Herbert L. Ely, individually and as Chairman of the Democratic Party of Arizona, and Peter MacDonald, individually and as Chairman of the Navajo Tribal Council, Intervenor-Plaintiffs,**

v.

**Jack WILLIAMS, Governor of the State of Arizona, et al., Defendants.**

**Civ. No. 5112.**

United States District Court, D. Arizona.

March 8, 1972.

Simon & Jekel, J. Stephen Simon, Scottsdale, Ariz., for plaintiff Klahr.

Harrison, Myers & Singer, Robert D. Myers, Phoenix, Ariz., for intervenor-plaintiff Ely.

Brown, Vlassis & Bain, Bruce E. Babbitt, Phoenix, Ariz., for intervenor-plaintiff MacDonald.

Gary K. Nelson, Atty. Gen. of Arizona, John M. McGowan, II, Special Asst. Atty. Gen., Phoenix, Ariz., for defendants.

Before JERTBERG, Senior Circuit Judge, and WALSH and CRAIG, District Judges.

## MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECREE

PER CURIAM.

In this case, we take a further step "in the long and fitful attempt to devise a constitutionally valid reapportionment scheme for the State of Arizona.".[1] The earlier steps are detailed in Klahr v. Goddard, 250 F.Supp. 537, and 254 F. Supp. 997, Klahr v. Williams, 303 F. Supp. 224, Klahr v. Williams, 313 F. Supp. 148, and Ely v. Klahr, 403 U.S. 108, 91 S.Ct. 1803, 29 L.Ed.2d 352, and we find it unnecessary to retrace them here.

In October 1971, the 30th Arizona Legislature, First Special Session, passed and the Governor of Arizona approved, legislation entitled and hereinafter referred to as "Chapter 1", which districted Arizona for the election of representatives in the United States Congress,

---

1. 403 U.S. 108, 109, 91 S.Ct. 1803, 1804, 29 L.Ed.2d 352.

and legislation entitled and hereinafter referred to as "Chapter 4", which apportioned the state for the election of members of the Arizona Legislature. Chapter 1 divides Arizona into four congressional districts, and Chapter 4 provides for a state Legislature of 30 Senate members and 60 House of Representatives members apportioned. among 30 legislative districts, one senator and two representatives to be elected from each district, the representatives running at large.

Shortly after the approval of Chapter 1 and Chapter 4 by the Governor, the defendants filed with this court, which has retained jurisdiction in the case, pleadings containing certified copies of that legislation. In our prior opinion we assumed that the Arizona Legislature would enact valid apportionment and districting plans by November 1, 1971, (313 F.Supp. 148, 154) and by filing Chapters 1 and 4 with this court the defendants attempt to demonstrate that such has been achieved. A hearing was requested by the defendants and in due course responsive pleadings were filed by plaintiff, Klahr, and intervenor-plaintiff Ely. Plaintiff's pleadings attack the validity of Chapter 1 and Chapter 4 for the reason that they do not provide for apportionment between decennial census years. The court is asked to consider plaintiff's plan for "continuing apportionment" of the congressional and legislative districts of Arizona.[2] Intervenor-plaintiff Ely's pleadings assert that Chapter 1 and Chapter 4 are invalid

upon grounds and for reasons we discuss hereafter.

Motions for leave to intervene in the case for the purpose of attacking the validity of Chapter 1 and Chapter 4 were also filed by Clovis Campbell, a member of the Arizona Senate, by Arizona Cattle Growers Association and a number of organizations based in Apache County, Arizona, and by Peter MacDonald, individually and as Chairman of the Tribal Council of the Navajo Indian Tribe. We gave MacDonald leave to intervene as a party-plaintiff but the motions of the other movants were denied for the reason that their interests were adequately represented by intervenor-plaintiff Ely. Trial was held on December 14 and 15, 1971, and on February 1, 1972, the court ordered the case reopened for the taking of further evidence on two specific points. The further hearing was held on February 11, 1972, and at its conclusion the matter was submitted for decision.[3]

Plaintiff, Klahr, makes no criticism of either Chapter 1 or Chapter 4 for what is affirmatively provided by them but claims they are invalid because of a deficiency in each measure, viz: the failure to provide for periodic determinations of Arizona population between decennial censuses and for districting and apportionment promptly following such determinations.

■ Plaintiff argues that the population of Arizona has grown, and will continue to grow, at such a rapid rate that, unless districting and reapportionment is done more frequently than

---

2. The plan is based upon the availability of the decennial census and two special statewide censuses which would be required to be taken in the years between decennial censuses. · The decennial censuses would, of course, be taken in the first year of each decade, and the special censuses would be taken in years the last digits of which are "3" and "7", e. g., 1970, 1973, 1977. Under the plan, the dates by which the apportionments must be completed are, respectively, October 1 in the year next after the decennial census year and October 1 in each of the years in which the special statewide censuses are taken.

3. Neither plaintiff nor either intervenor-plaintiff attacks the statutes with which we are concerned because they provide for districts of unequal· population—what "this case was all about" when it began. With respect to Chapter 1, the deviation between the most overrepresented congressional district and the most underrepresented district appears to be .0022% ; and with respect to Chapter 4, the deviation between the most overrepresented legislative district and the most underrepresented legislative district appears to be .007%.

every ten years, the people of Arizona will not have what was promised by the "one man, one vote" cases decided in the 1960s. Obviously, we could not but approve a plan which the Arizona Legislature might adopt providing districting and apportionment based upon dependable population figures to be carried out more frequently than every ten years; but that we cannot require the Legislature to do so clearly appears from Reynolds v. Sims, 377 U.S. 533, 583, 84 S.Ct. 1362, 1393, 12 L.Ed.2d 506. "While we do not intend to indicate that decennial reapportionment is a constitutional requisite, compliance with such an approach would clearly meet the minimal requirements for maintaining a reasonably current scheme of legislative representation."

■ As stated above, Chapter 4 provides a legislature of 30 legislative districts with one senator and two representatives to be elected from each district. Intervenor-plaintiffs contend the multi-member House districts are inherently invidious and violative of the "Equal Protection Clause" of the 14th Amendment basing their position upon Connor v. Johnson, 402 U.S. 690, 91 S.Ct. 1760, 29 L.Ed.2d 268, rehearing denied 403 U.S. 924, 91 S.Ct. 2220, 29 L.Ed.2d 702. The short answer to this contention is that we think *Connor* is not applicable here. To begin with, *Connor* involves a court designed apportionment plan providing a multi-member district in which there would run at large the candidates for five senatorial seats and twelve representative seats. Further, it is evident in the case that, with the time and census information which were available to it, the court could have devised single-member districts for the legislative area involved in ample time before the next election. Our case involves an apportionment plan adopted by a legislature rather than a court, and we believe the controlling cases hold that the Equal Protection Clause does not require such a legislature in apportioning itself to provide all single-member legislative districts, especially where the multi-member districts are limited to one house of the legislature and the seats to be contested at large are limited to two in each district. Burns v. Richardson, 384 U.S. 73, 86, 86 S.Ct. 1286, 16 L.Ed.2d 376; Whitcomb v. Chavis, 403 U.S. 124, 156, 91 S.Ct. 1858, 29 L.Ed.2d 363.

■ Intervenor-plaintiff Ely makes one attack upon Chapter 4 which is in reality a general attack upon an expert in the field of data processing who was employed in the apportionment efforts which resulted in Chapter 1 and Chapter 4. The expert, who has had extensive employment in his field by the Republican party and by individual Republican candidates for office, was hired by the Republican party of Arizona to prepare a plan for districting and apportioning Arizona. He did so and the plan was introduced in the Legislature. Prior to his employment by the Republican party of Arizona, he was employed by the Arizona Legislative Council to prepare material relating to districting and apportionment for the use of all legislators. In addition, after completing his work for the Republican party of Arizona, he was employed by the Arizona Senate to do further work in connection with the problems of apportionment and districting.

On the basis of the evidence respecting the expert's background and the work he did for the Arizona Legislature, intervenor-plaintiff Ely would have us condemn Chapter 4 as the product of the expert's bias and entire devotion to the Republican cause. We find no basis for the charge. Actually, intervenor-plaintiff Ely does not criticize the apportionment plan originally proposed by the expert but, rather, complains of the changes made therein by the legislative majority at the insistence of individual members of the majority. The expert's part in these changes was confined to advising what would be the result and effect on apportionment if the changes were made. In short, what the record shows is that some individual members of the majority party insisted upon having their way about the legislative dis-

tricts in which they were personally interested and concessions were made to some of such members by the party leadership in order to obtain enough votes to pass an apportionment bill. The expert's role in these changes was confined to determining with computer aid what would be the effect if the changes were accomplished and how the districts affected by the changes could be kept within the necessary relationship to ideal district population. Nothing shown in the record respecting the expert's activities in connection with Chapter 4 would justify us in finding Chapter 4 invalid.

Intervenor-plaintiff Ely complains that the apportionment plan adopted by the Legislature was fashioned by the legislative majority to protect its incumbent members and to effect adversely the minority's incumbent members. In proof of this charge it is pointed out that under Chapter 4 the incumbents in Legislative Districts 4, 6 and 8 are all members of the minority and in each District there are more incumbents than there are seats to be filled at the next election. It is argued that this result was deliberately accomplished by the majority to require minority Legislature members to run against each other while incumbent members of the majority are not so required. However, an examination of the situation with respect to the several districts provided under Chapter 4 discloses that in Legislative District No. 26 all incumbent members of the Legislature are members of the majority party and in that District there are more incumbents than there are seats to be filled. Further, in Legislative Districts 13 and 14 there are more incumbent legislators in each District than there are seats to be filled, though the incumbents are not all members of the same political party. To sum up, while there are three districts in which minority incumbents would be required to run against each other if they desire to retain their seats, the same is true as to majority party members in at least

one district and in two additional districts the majority party incumbents will be required to run against other incumbents if they desire to continue to serve in the Legislature. We conclude that even if it be true that Chapter 4 favors to some extent the majority party in the Legislature over the minority, such difference in treatment falls short of being so preferential in extent as to require us to find that the Legislature was not acting in good faith and that we are required to condemn Chapter 4 on that ground.

An additional criticism of Chapter 4 made by intervenor-plaintiffs is for lack of compactness of some of the legislative districts. That this criticism has basis is beyond question. However, we cannot find from the evidence an invidious reason for the lack of compactness. We find that such deviation results inherently in apportioning membership in the legislature of a state comprising a very large territorial area [4] in which approximately two-thirds of the state's population is found within two comparatively small areas, viz: the eastern portion of Maricopa County in central Arizona, containing approximately 50% of the state's population, and the Tucson area of Pima County in southern Arizona, containing approximately 17% of the state's population. From the evidence, we find the lack of compactness resulted not from any invidious purpose of the majority but entirely from a reasonable decision of those charged with the duty of apportioning that it was the best plan to begin the task at the four corners of the state and work into the center, keeping each district as it was selected as close to the ideal district population as possible. This plan is based on logical justification and, perhaps, necessity even though it had the result that adjustments had to be made in the interior legislative districts at the expense of compactness.

Finally, we reach the complaint regarding Chapter 4 which is pressed

4. Arizona is the sixth largest in area of the 50 states, containing 113,417 square miles.

most earnestly by intervenor-plaintiffs. As Chapter 4 was introduced in the Arizona Senate, the body in which it originated, the Navajo Indian Reservation in northeast Arizona was entirely within a single legislative district.[5] Thereafter, and at the insistence of an incumbent House member who resides in the district as proposed, the bill was so amended that the Reservation was divided among three legislative districts. It was in this form that Chapter 4 was enacted.

Intervenor-plaintiffs argue that Chapter 4 discloses a basic policy determination by the Legislature that every municipal area in Arizona having a population between 10,000 and 59,083 should be kept within a single legislative district; and that the Navajo Indian Reservation is a unit of local government exercising general governmental powers and is, therefore, in essence an Arizona municipality. Thus, the intervenor-plaintiffs argue that failure of the Legislature to place the entire Reservation within a single legislative district was discriminatory and a violation of the Equal Protection Clause of the 14th Amendment.

We cannot agree that the record supports the factual contentions upon which intervenor-plaintiffs base their arguments. In the first place, the Legislature did not provide unfailingly that a municipality having a population in excess of 10,000 be not divided between or among legislative districts. The City of Glendale, with a population of 36,228, is in two districts under Chapter 4. Further, Chapter 4 places Sun City, an unincorporated community with a population of approximately 13,000, in two districts. Finally, the Legislature, if acting without invidious purpose, could properly deal differently with municipalities in the 10,000 to 60,000 population group and with the Navajo Indian Reservation. We point out that the whole Navajo Indian Reservation lies within three states, viz: Arizona, Utah and New Mexico; the portion of the Reservation within Arizona exceeds in area 14,000 square miles and is larger in area than any of Arizona's fourteen counties, excepting Coconino; and the portion of the Reservation within Arizona is 60 times larger in area than Phoenix, Arizona's largest city. These considerations would, we think, justify distinguishing between Arizona cities and the Reservation, even if we could find the legislative policy which plaintiff contends is shown in Chapter. 4.

But, while we reject the factual basis underlying the theory upon which intervenor-plaintiffs attack the treatment of the Navajos, we agree that such treatment does violate the Equal Protection Clause. Nowhere in the record is there any adequate explanation for the change in Chapter 4 as introduced which resulted in the dismemberment of the Reservation in apportioning legislature membership. From our consideration of the record, it appears to have been done only because one incumbent legislator demanded it. There is ample basis to suspect that "the Indians were done in.". Ely v. Klahr, supra, 403 U.S. at p. 119, 91 S.Ct. 1803, 29 L.Ed.2d 352. In the absence of a satisfactory explanation, we can find only that the amendment to Chapter 4 which divided the Reservation was made in order to destroy the possibility that the Navajos, if kept within a single legislative district, might be successful in electing one or more of their own choices to the Legislature, Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194; and, finding this invidious purpose, we hold that Chapter 4 is unconstitutional. Gomillon v. Lightfoot, 364 U.S. 339, 349 (Mr. Justice Whittaker, concurring), 81 S.Ct. 125, 5 L.Ed.2d 110; Reynolds v. Sims, supra.

■ In light of the fact that preparations for the 1972 Arizona elections must be begun in the near future by the offi-

---

5. It is interesting that the data processing expert employed by the majority party and whose impartiality is vigorously attacked was responsible for this treatment of the Navajo Indian Reservation.

cers having the responsibility for conducting such elections, we must determine what action, if any, the court will take at this time because of our holding Chapter 4 invalid. In this connection, we point out that intervenor-plaintiff MacDonald has presented to the court a plan in which the area comprising Legislative Districts 2, 3 and 4 in Chapter 4 are so realigned that the Navajo Indian Reservation is retained within a single district, District No. 2, and yet a proper population standard is retained for each of Districts 2, 3 and 4. Since we have found Chapter 4 invalid only because of its discrimination against the Navajos and their Reservation, it is evident that we can provide a valid apportionment of the Arizona Legislature by combining Districts 2, 3 and 4 as proposed by intervenor-plaintiff MacDonald with the balance of the districts as delineated in Chapter 4. Accordingly, and in view of the imminence of the 1972 elections, we shall adopt such a combination for the 1972 elections, and to be effective until the Arizona Legislature shall have adopted a valid and effective plan for apportionment, or until the further order of the court.

■ Turning to Chapter 1, which divides Arizona into four congressional districts, intervenor-plaintiff Ely charges that the legislative majority (a) intentionally fashioned District No. 4 so as to assure the election of a Republican congressman from that District, and (b) placed portions of Maricopa County in all four districts, shaping three of such districts so that the electorate in Maricopa County would "dominate" each of them. With respect to the charge of partisan political purpose in designing District 4, we deem it sufficient to say that intervenor-plaintiff Ely has not pointed out to us anything in the record which supports his charge; and we find there is no evidence of such partisan political purpose.

With respect to portions of Maricopa County being in all four congressional districts, this is true; but it is true, also, that in District 2 the Maricopa County population totals only 719. Without more, we can hardly find an invidious purpose in the creation of that district. With respect to the "domination" claim, it is true that Maricopa County voters comprise a major fraction of the population in each of three congressional districts; but it is also a fact that Maricopa County contains approximately 55% of Arizona's population. From our study of the record, we have concluded that the congressional districts were drawn as they are because the persons charged with districting the state again decided to follow the policy of forming the districts by beginning at the four corners of the state working toward the center, preserving county lines to the fullest extent possible, and making adjustments, if necessary in the central part of the state.[6] Here again, we do not find any invidious purpose in the districting. In fact, it appears quite likely that if any attempt were made in districting to keep the bulk of the Maricopa County population in two congressional districts, such effort would produce one congressional district with an area of more than 90,000 square miles, embracing nine complete counties and parts of two others, and circumscribing central and eastern Maricopa County. (DX I, Exhibit marked "Plfs. 6", p. 2 thereof).

■ Intervenor-plaintiff MacDonald contends that the same considerations which required our recasting Legislative Districts Nos. 2, 3 and 4 under Chapter 4 so as to place the Navajo Indian Reservation within a single legislative district require us, also, to realign the boundaries of Congressional Districts Nos. 3 and 4 so as to place the entire Navajo Indian Reservation within District No. 4. We cannot agree. There is no evidence in

---

6. With the exception of Maricopa County and Pinal County, located in central Arizona, no other Arizona county lies within more than one congressional district.

the record that the Legislature at any time contemplated keeping the Reservation within a single congressional district. To the contrary, the legislative plan definitely appears to have been that congressional district boundaries should coincide with county boundaries in every case excepting in the center of the state. In addition, were we to accept the contention of intervenor-plaintiff MacDonald, the result would be the division of the Fort Apache Indian Reservation between Congressional Districts 3 and 4. We can find no justification for such a result.

The foregoing will constitute our Findings of Fact and Conclusions of Law, providing the basis for the Decree entered below.

## DECREE

Based upon the foregoing Memorandum Opinion and Findings of Fact and Conclusions of Law, and good cause appearing therefor,

It is ordered, adjudged and decreed:

### I

Chapter 1, 30th Arizona Legislature, First Special Session, provides a valid districting of the State of Arizona for the election of Representatives in Congress from the State of Arizona; and the terms and provisions of all decrees heretofore entered in this cause relating to the nomination and election of members of Congress from Arizona are vacated and shall be without any further force or effect.

### II

Chapter 4, 30th Arizona Legislature, First Special Session, does not validly apportion the Legislature of the State of Arizona for the reasons set forth in the Opinion hereinabove, and the court is required in view of the imminence of the 1972 elections, to provide a plan for apportioning the Arizona Legislature to be elected in 1972.

### III

The court's plan, which will be effective with respect to all future elections of members of the Arizona Legislature until the Legislature shall have adopted a valid and effective plan for apportionment, or until the further order of the court, is as follows:

The Senate shall consist of thirty members and the House of Representatives shall consist of sixty members. There shall be thirty legislative districts and one member of the Senate and two members of the House of Representatives shall be elected from each legislative district. The legislative districts, described by the enumeration districts and census tracts and blocks utilized by the Bureau of the Census, United States Department of Commerce for its enumeration of Arizona population in the year 1970, are as follows:

| DISTRICTS | DESCRIPTION |
|---|---|
| 1 | MOHAVE COUNTY |
| | Enumeration Districts 7 through 19 and 21 through 31. |
| | YAVAPAI COUNTY |
| | Enumeration Districts 3 through 41 and 46 through 48. |
| | YUMA COUNTY |
| | Enumeration Districts 4 and 5. |
| 2 | COCONINO COUNTY |
| | Enumeration Districts 16 through 61. |

DISTRICTS             DESCRIPTION

GILA COUNTY
Enumeration Districts 4, 6 through 11, 20 and 20b.

MARICOPA COUNTY
Enumeration Districts 1 through 3, 7 and 277. Census Tract 2168, Blocks 101 through 119, 903, 905, 907, 911, 912, 915 and 916.

MOHAVE COUNTY
Enumeration Districts 1 through 6, 20 and 20b.

NAVAJO COUNTY
Enumeration Districts 17 through 24, 27, 36, 39 and 40.

YAVAPAI COUNTY
Enumeration Districts 1, 2, and 42 through 45.

3     APACHE COUNTY
Enumeration Districts 1 through 26.

COCONINO COUNTY
Enumeration Districts 1 through 15.

NAVAJO COUNTY
Enumeration Districts 1 through 12, 25 and 28.

4     APACHE COUNTY
Enumeration Districts 27 through 33.

GILA COUNTY
Enumeration Districts 1 through 3, 5, 12 through 19, 21 through 31b, 32 through 39b and 43.

GRAHAM COUNTY
Enumeration Districts 1 through 3.

GREENLEE COUNTY
Enumeration Districts 1 through 9.

NAVAJO COUNTY
Enumeration Districts 13 through 16, 26, 29 through 35, 37 through 38d and 41.

PINAL COUNTY
Enumeration Districts 7 through 12 and 18.

5     YUMA COUNTY
Enumeration Districts 1 through 3, 4b, 6 and 8 through 58.

6     MARICOPA COUNTY
Enumeration Districts 62 through 66, 70, 75, 77, 79 through 89, 215 through 217, 251 and 256.
Census Tract 1155, Blocks 201 through 206 and 209 through 211.
Census Tract 1157, Blocks 201 through 204.

DISTRICTS  DESCRIPTION

Census Tract 1162, Blocks 102, 103, 106 through 112 and 114.

Census Tract 1165, Blocks 201 through 217 and 302 through 317.

Census Tracts 1166 and 1167.

PIMA COUNTY

Enumeration Districts 391, 391b and 397 through 406.

PINAL COUNTY

Enumeration Districts 19 through 41, 43, and 51 through 53.

7    GILA COUNTY

Enumeration Districts 40 through 42.

PIMA COUNTY

Enumeration Districts 56 through 59, 67, 68, 382, 384, 385, 389 through 390b and 392 through 396.

Census Tract 4301, Blocks 116 through 119, 201 through 210, 213 through 216, 219, 220, 301, 302, 304, 305, 402 through 405 and 408 through 415.

Census Tract 4302.

Census Tract 4402, Blocks 210, and 220 through 223.

PINAL COUNTY

Enumeration Districts 13, 42, 44 through 50, 54 through 66 and 68 through 79.

SANTA CRUZ COUNTY

Enumeration Districts 4 through 10 and 12 through 13b.

8    COCHISE COUNTY

Enumeration Districts 1 through 18, 27, and 30 through 60.

GRAHAM COUNTY

Enumeration Districts 4 through 19.

GREENLEE COUNTY

Enumeration Districts 10 and 11.

9    COCHISE COUNTY

Enumeration Districts 19 through 26, 28, 29, 61 and 61b.

PIMA COUNTY

Enumeration Districts 10, 355, 368, 369 and 386 through 387c.

Census Tract 35, Blocks 201 through 225, 301 through 324, 401 through 423, 501 through 524, 601

| DISTRICTS | DESCRIPTION |
|---|---|

through 606, 621 through 623, 701 through 729, 801 through 805 and 818 through 830.

Census Tract 36.

Census Tract 4002, Blocks 207 through 224 and 301 through 321.

Census Tract 4003, Blocks 413 through 421 and 901 through 905.

Census Tract 4006, Blocks 907 through 912.

Census Tract 4101, Blocks 101 through 121, 201, 202 and 409.

Census Tract 4102, Blocks 101 through 109, 905, 906 and 908 through 937.

SANTA CRUZ COUNTY
Enumeration Districts 1 through 3, 11, 14 and 14b.

10    PIMA COUNTY
Census Tract 5, Blocks 112, 113, 201 through 213, 301 through 315, 706 through 711 and 801 through 811.

Census Tract 7, Blocks 116, 117, 201 through 218, 301 through 318, 401 through 415, 501 through 517 and 601 through 615.

Census Tract 8, Blocks 101 through 120, 201 through 218, 301 through 319, 401 through 421, 501 through 522, 601 through 606, 609 through 615, 618, 619 and 701 through 716.

Census Tract 9, Blocks 205 through 220, 301 through 320, 401 through 421 and 501 through 506.

Census Tract 10, Blocks 117 through 121 and 201 through 212.

Census Tracts 20 through 23.

Census Tract 24, Blocks 101 through 114, 201 through 218, 301 through 314, 401 through 412, 501 through 515, 601 through 606, 609 through 614, 701, 702 and 709 through 715.

Census Tract 37.

Census Tract 38, Blocks 101 through 115, 201 through 210, 302 through 309, 316 through 318, 401 through 417, 501 through 515, 601 through 614 and 701 through 715.

Census Tract 4101, Blocks 203 through 219, 301 through 322, 401 through 408 and 410 through 422 and 901 through 907.

Census Tract 4102, Blocks 110 through 117, 901 through 904 and 907.

11    PIMA COUNTY
Census Tracts 1 through 4.
Census Tract 5, Blocks 511, 512, 603, 604, 609, 610 and 705.

DISTRICTS        DESCRIPTION

Census Tract 8, Blocks 607, 608, 616 and 617.

Census Tract 9, Blocks 101 through 121, 201 through 204 and 507 through 523.

Census Tract 10, Blocks 109 through 116, 213 through 221 and 301 through 317.

Census Tracts 11 through 13.

Census Tract 14, Blocks 105 through 119, 201 through 221, 301 through 320, 401 through 414 and 501 through 524.

Census Tract 24, Blocks 607, 608 and 703 through 708.

Census Tract 25.

Census Tract 26, Blocks 312, 313, 703 through 706 and 803 through 807.

Census Tract 38, Blocks 211 through 215, 301 and 310 through 315.

Census Tract 39.

Census Tract 4301, Blocks 101 through 114, 211, 212, 217, 218, 303, 306 through 319, 401, 406, 407, 901 and 902.

Census Tract 4401.

Census Tract 4402, Blocks 111 through 123, 201 through 209 and 211 through 219.

Census Tract 4501.

Census Tract 4503, Blocks 206 and 207.

12      PIMA COUNTY

Enumeration Districts 34 through 36, and 60.

Census Tract 5, Blocks 101 through 111, 401 through 412, 501 through 510, 513, 514, 601, 602, 605 through 608, 611, 612 and 701 through 704.

Census Tract 6, Blocks 402 through 407, 410 through 415, 417 through 419, 501 through 521, 601 through 622, 701 through 720 and 801 through 816.

Census Tract 14, Blocks 101 through 104.

Census Tract 15.

Census Tract 16, Blocks 203 through 223, 301 through 320, 401 through 420 and 501 through 520.

Census Tract 17, Blocks 101 through 111, 201 through 212 and 301 through 306.

Census Tract 26, Blocks 101 through 111, 201 through 210, 301 through 311, 401 through 410, 501 through 510, 601 through 612, 701, 702, 707, 708, 801 and 802.

Census Tract 27.

| DISTRICTS | DESCRIPTION |
|-----------|-------------|

Census Tract 28, Blocks 504 and 505.

Census Tract 4402, Blocks 101 through 110 and 901 through 919.

Census Tract 4502.

Census Tract 4503, Blocks 101 through 113, 201 through 205, 208 through 212 and 301 through 313.

Census Tracts 4601 and 4602.

Census Tract 4701, Blocks 201 through 220, 301 through 323 and 901.

Census Tract 4702, Blocks 303 through 324, 401 through 416 and 501 through 516.

**13    PIMA COUNTY**

Enumeration Districts 13 and 14.

Census Tract 6, Blocks 101 through 120, 201 through 221, 301 through 321, 401, 408, 409 and 416.

Census Tract 7, Blocks 101 through 115.

Census Tract 16, Blocks 101 through 119, 201, 202 and 321 through 324.

Census Tract 17, Blocks 307 through 312.

Census Tracts 18 and 19.

Census Tract 28, Blocks 101 through 116, 201 through 214, 301 through 317, 401 through 416, 501 through 503 and 506 through 513.

Census Tracts 2901 and 2902.

Census Tract 30, Blocks 601 through 604.

Census Tract 31, Blocks 101 through 121, 301 through 319, 401 through 422, 501 through 521 and 601 through 623.

Census Tract 32.

Census Tract 3301, Blocks 512 through 516.

Census Tract 34.

Census Tract 35, Blocks 607 through 620 and 806 through 817.

Census Tract 4701, Blocks 101 through 118 and 902.

Census Tract 4702, Blocks 101 through 118, 201 through 217, 517, 518 and 902.

**14    PIMA COUNTY**

Enumeration Districts 1 through 3, 8, 11 and 12.

Census Tract 30, Blocks 101 through 121, 201 through 217, 301 through 319, 401 through 421, 501 through 522, 605 through 619, 701 through 719 and 901 through 903.

Census Tract 31, Blocks 201 through 222.

Census Tract 3301, Blocks 101 through 114, 201 through 213, 301 through 312, 401 through 414 and 501 through 511.

DISTRICTS                 DESCRIPTION

Census Tract 3302.

Census Tract 35, Blocks 101 through 127.

Census Tract 4001.

Census Tract 4002, Blocks 101 through 120 and 201 through 206.

Census Tract 4003, Blocks 101 through 117, 201 through 222, 301 through 323, 401 through 412, 906 and 907.

Census Tracts 4004 and 4005.

Census Tract 4006, Blocks 101 through 115, 201 through 222, 901 and 903 through 906.

Census Tract 4007.

15      MARICOPA COUNTY

Enumeration Districts 34 through 38, 40 through 42, 44 through 61, 67 through 69, 71 through 74, 76, 78, 213, 252, 252b and 255.

Census Tracts 608 and 609.

Census Tracts 716 through 718.

Census Tracts 820 and 821.

Census Tract 1097, Blocks 109, 110 and 310 through 328.

Census Tract 1125.

Census Tract 1155, Blocks 101 through 116 and 212 through 214.

YUMA COUNTY

Enumeration District 7.

16      MARICOPA COUNTY

Census Tract 719, Blocks 101 through 104 and 908 through 910.

Census Tract 923, Blocks 101 through 103 and 902 through 905.

Census Tract 924.

Census Tract 929, Blocks 120 through 122.

Census Tract 930.

Census Tract 931, Blocks 901 through 904, 906, 908, 910 and 911.

Census Tract 1040.

Census Tract 1041, Block 119.

Census Tract 1042, Blocks 101 through 116, 201 through 211, 905, 906, 908 through 929.

Census Tract 1043.

Census Tract 1056, Blocks 221 through 225.

Census Tracts 1057 and 1058.

Census Tract 1059, Blocks 103 through 111, 201 through 205 and 208 through 212.

| DISTRICTS | DESCRIPTION |
|---|---|

Census Tract 1069, Blocks 411 through 418.

Census Tract 1070.

Census Tract 1071, Blocks 101 through 122, 304, 305, 307, 309, 310 and 314 through 321.

17     MARICOPA COUNTY

Enumeration Districts 227b and 237.

Census Tract 715.

Census Tract 719, Blocks 105 through 119, 201 through 224, 901 through 907 and 911 through 915.

Census Tract 923, Blocks 104 through 113, 901 and 906 through 909.

Census Tracts 925 through 927.

Census Tract 928.

Census Tract 929, Blocks 101 through 108, 110 through 119, 201, 204 through 214 and 216 through 227.

Census Tract 931, Blocks 101 through 120 and 201 through 233.

Census Tract 1094, Blocks 201 through 222 and 301 through 321.

Census Tracts 1095 and 1096.

Census Tract 1097, Blocks 101 through 108, 201 through 225 and 301 through 309.

Census Tract 1098.

18     MARICOPA COUNTY

Census Tract 1046, Blocks 101 through 105, 107 through 134, 204 through 214, 216, 219 and 220.

Census Tract 1047.

Census Tract 1051, Block 409.

Census Tract 1052.

Census Tract 1053, Blocks 101 through 133.

Census Tract 1062, Blocks 101 through 117.

Census Tract 1063.

Census Tract 1064, Blocks 201 through 217.

Census Tract 1065.

Census Tract 1066, Blocks 101 through 118.

Census Tract 1075, Blocks 101 through 106 and 109 through 119.

Census Tracts 1076, 1077 and 1085.

Census Tract 1086, Blocks 101 through 103, 106, 108 through 115, 118 through 120, 201 through 211, 213, 218 through 221 and 301 through 320.

Census Tract 1106, Blocks 101 through 124 and 201 through 211.

DISTRICTS                    DESCRIPTION

Census Tract 1107, Blocks 103, 108 through 110, 115 through 118, 123 through 126, 203 through 211, 301 through 316, 401 and 403 through 422.

19      MARICOPA COUNTY

Census Tract 1039.

Census Tract 1044, Blocks 101 through 115, 117 through 120, 201 through 207 and 215.

Census Tract 1045.

Census Tract 1046, Blocks 201 through 203, 217, 218 and 221 through 225.

Census Tract 1053, Blocks 201 through 205 and 208 through 220.

Census Tracts 1054 and 1055.

Census Tract 1056, Blocks 102 through 120 and 201 through 220.

Census Tract 1059, Blocks 101 and 102.

Census Tracts 1060 and 1061.

Census Tract 1062, Blocks 201 through 203, 205 through 212 and 214 through 217.

Census Tract 1066, Blocks 201 through 205, 208, 209, 211 through 216, 218, and 220.

Census Tracts 1067 and 1068.

Census Tract 1073, Blocks 101 through 110, 201 through 205, 207 through 210, 306, 309 through 314, 401 through 413, 501 through 514 and 601 through 615.

Census Tract 1074, Blocks 101 through 115, 211 through 222 and 301 through 311.

Census Tract 1075, Blocks 208 through 212, 214, 301 through 304 and 307 through 314.

20      MARICOPA COUNTY

Census Tract 1059, Blocks 206 and 207.

Census Tract 1069, Blocks 101 through 109, 201 through 213, 301 through 313, 401 through 410, 419 and 420.

Census Tract 1071, Blocks 201 through 216.

Census Tract 1072.

Census Tract 1073, Blocks 211, 212, 214 through 216, 301 through 304, 307, 308 and 616.

Census Tracts 1090 through 1093.

Census Tract 1094, Blocks 101, 103 and 105 through 118.

Census Tracts 1099 through 1103.

21      MARICOPA COUNTY

Census Tract 1074, Blocks 116 and 201 through 210.

DISTRICTS                    DESCRIPTION

Census Tract 1075, Blocks 201 through 207.

Census Tract 1086, Blocks 212 and 214 through 217.

Census Tracts 1087 through 1089, 1104 and 1105.

Census Tract 1106, Blocks 212 through 217, and 301 through 319.

Census Tract 1117, Blocks 301 through 327, 401 through 421 and 423 through 428.

Census Tracts 1118 through 1120, and 1129 through 1131.

Census Tract 1132, Blocks 210, 211, 215 through 219 and 221 through 223, 301 through 306, 308 through 330 and 401 through 423.

22      MARICOPA COUNTY

Census Tracts 1121 through 1124, 1126 through 1128, 1143 through 1148 and 1156.

Census Tract 1157, Blocks 101 through 110, 112 through 118, and 205 through 218.

23      MARICOPA COUNTY

Census Tract 1138, Blocks 105 through 107, 109 through 115, 117, 118, 120, 125, 126, 201, 204 through 210, 212, 213, 215 through 220, 318 through 327 and 401 through 427.

Census Tracts 1139 through 1142, 1149 through 1154 and 1158 through 1161.

Census Tract 1162, Block 113.

Census Tracts 1163 and 1164.

Census Tract 1165, Blocks 101 through 103, and 105 through 117.

Census Tract 3197, Block 102.

24      MARICOPA COUNTY

Enumeration Districts 12, 13, 13b, 33, 39 and 43.

Census Tracts 303 and 1032 through 1038.

Census Tract 1041, Blocks 101 through 118.

Census Tract 1042, Blocks 901 through 904.

Census Tract 1048.

Census Tract 1049.

Census Tract 1050, Blocks 104, 106, 111 through 121, 201 through 203, 207, 208, 210 through 216, 218 through 220, 222 through 225, 227 through 231, 236 through 238, 307 through 311, 313 through 320 and 401 through 409.

Census Tract 1051, Blocks 101, 103, 104, 107 through 114, 119 through 130, 201 through 209, 211 through 215, 301 through 307, 309 through 312, 402 through 408, and 902 through 904.

| DISTRICTS | DESCRIPTION |
|---|---|

Census Tract 1064, Blocks 101 through 112.

Census Tracts 1078 and 1079.

Census Tract 1083, Blocks 101 through 121 and 401 through 426.

Census Tract 1084, Blocks 101 through 109, 111, 113, 114 and 401 through 413.

Census Tract 2168, Blocks 301 through 303, 305, 306, 315 and 401 through 421.

**25    MARICOPA COUNTY**

Census Tract 1083, Blocks 201 through 211 and 301 through 320.

Census Tract 1084, Blocks 201 through 210 and 301 through 317.

Census Tract 1107, Blocks 101, 102, 104 through 107, 111 through 114, 119 through 122, 127, 128, 201, 202 and 212 through 219.

Census Tracts 1108, 1109 and 1114 through 1116.

Census Tract 1117, Blocks 101 through 126 and 201 through 229.

Census Tract 1132, Blocks 101 through 129, 201 through 209, 212 through 214 and 220.

Census Tracts 1133 through 1135.

**26    MARICOPA COUNTY**

Census Tract 1136.

Census Tracts 1080 through 1082, and 1110 through 1113.

Census Tract 1137.

Census Tract 1138, Blocks 101 and 119.

Census Tract 2173, Blocks 201 through 213.

Census Tract 2174.

Census Tract 2175, Blocks 202 through 207, 209 through 213 and 301 through 318.

Census Tract 2180, Blocks 105 through 113, 118, 119, 201 through 204, 211 through 218, 301 through 310, 315 through 319, 401 through 409 and 412 through 415.

Census Tract 2181, Blocks 102 through 116.

Census Tract 3185, Blocks 101 through 121 and 201 through 214.

Census Tract 3186.

Census Tract 3187, Blocks 101 through 108, 210 through 215 and 217 through 222.

Census Tract 3188, Block 101.

**27    MARICOPA COUNTY**

Enumeration District 265.

Census Tract 1162, Blocks 101, 104 and 105.

DISTRICTS                    DESCRIPTION

Census Tract 3187, Blocks 109 through 118 and 201 through 209.

Census Tract 3188, Blocks 102, 103, 105, 106, 108 through 115, 117 and 201 through 210.

Census Tract 3189.

Census Tracts 3190 through 3192.

Census Tract 3194, Blocks 101, 103 through 116, 201 through 210, 901, 902 and 905 through 909.

Census Tracts 3195 and 3196.

Census Tract 3197, Blocks 101, 103 through 114, 201, 203 through 206, 208 through 215, 218 and 219.

Census Tracts 3198 through 3200.

28    MARICOPA COUNTY

Enumeration Districts 4 and 5.

Census Tract 1050, Blocks 101 through 103, 123, 124, 204, 205, 233 through 235, 301 through 306, 410 through 414, 416 and 417 through 423.

Census Tract 2168, Blocks 201 through 214, 501, 516 through 525 and 904.

Census Tracts 2169 through 2172.

Census Tract 2173, Blocks 101 through 114, 116, 117, 118, 214, and 215.

Census Tract 2175, Blocks 101 through 123, 201 and 208.

Census Tracts 2176 through 2179.

Census Tract 2180, Blocks 101 through 104, 114, 115, 117 and 205 through 210.

Census Tract 2181, Block 101.

Census Tracts 2182 and 2183.

Census Tract 3184.

Census Tract 4204, Blocks 908 through 911.

Census Tract 4211, Blocks 901 through 904.

Census Tract 4212, Blocks 213, 901 and 902.

29    MARICOPA COUNTY

Census Tract 3193.

Census Tract 3194, Block 904.

Census Tract 4203, Blocks 910 and 911.

Census Tract 4204, Blocks 903 through 907 and 912 through 914.

Census Tract 4205.

Census Tract 4206, Block 902.

Census Tracts 4208 through 4210.

Census Tract 4211, Blocks 101 through 105, 107 through 122, 201 through 212 and 214 through 220.

Census Tract 4212, Blocks 101 through 111 and 201 through 212.

| DISTRICTS | DESCRIPTION |
|---|---|
| | Census Tract 4213, Blocks 101 through 120, 201 through 219, 301, 302, 304 through 324, 401 through 408, 410 through 413, 901 and 902. |
| | Census Tracts 4214 through 4216 and 4218. |
| | Census Tract 4219, Blocks 101 through 121 and 206 through 215. |
| | Census Tract 4220, Blocks 101 through 114, 201 through 212 and 305 through 316. |
| | Census Tract 4221, Blocks 101, 103 through 119, 201 through 215 and 901. |
| 30 | MARICOPA COUNTY |
| | Enumeration Districts 90, 104 through 113, 274, 275, 279, 281, 289, 293 through 295, 297 and 297b. |
| | Census Tract 3194, Block 903. |
| | Census Tracts 4201 and 4202. |
| | Census Tract 4203, Blocks 902 through 909. |
| | Census Tract 4206, Blocks 901 and 903 through 906. |
| | Census Tracts 4207 and 4217. |
| | Census Tract 4219, Blocks 122 through 126, and 201 through 205. |
| | Census Tract 4220, Blocks 213, 214 and 301 through 304. |
| | Census Tract 4221, Blocks 902 through 904. |
| | Census Tracts 4222 and 4223. |
| | Census Tracts 4225, 4226, 5227 and 5229 through 5231. |
| | PINAL COUNTY |
| | Enumeration Districts 6, 14 through 14g and 67. |
| | Census Tract 9501. |

———◆———

IV

Insofar as they are concerned with the apportionment of the Arizona Legislature, but except to the extent they are inconsistent herewith, the terms and provisions of the decree entered herein on February 2, 1966, and the terms and provisions of the supplemental decrees entered on December 5, 1966, and May 19, 1970, respectively, shall remain in force and effect until the further order of this court.

V

This court retains jurisdiction of this cause to fully carry into effect the foregoing.